THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF:

Case No.: 8:19-cv-00939-T-30SPF

THE COMPLAINT OF FREEDOM MARINE SALES,
LLC, AS OWNER, AND FREEDOM BOAT CLUB,
 LLC d/b/a FREEDOM BOAT CLUB, AS OWNER *PRO
HAC VICE*, OF THE *M/V BLUES CHASER*, A 2018
22' SWEETWATER 2286 (HULL No.: GDY47874F818),
ITS ENGINES, TACKLE, APPURTENANCES,
EQUIPMENT, ETC., IN A CAUSE OF EXONERATION
FROM OR LIMITATION OF LIABILITY,

    Petitioners.



## REPORT AND RECOMMENDATION

Before the Court is Petitioners' Motion for Entry of Final Default Judgment of Exoneration Against all Potential Claimants ("Motion") (Doc. 12).  Upon consideration, it is recommended that Petitioners' Motion be GRANTED.

## BACKGROUND

On April 18, 2019, Petitioners filed a Complaint for Exoneration from or Limitation of Liability (Doc. 1).  Petitioners' Complaint if filed under the Shipowners' Limitation of Liability Act, 46 U.S.C §§ 30501, *et. seq.* and Supplemental Rule F of the Federal Rules of Civil Procedure.  Petitioners seek an exoneration from or limitation of liability for any injuries, death, damages, or losses of whatever description arising from an incident involving the M/V 'BLUES CHASER (the "Vessel").  It is alleged that on October 28, 2018, a passenger

1

of the Vessel sustained personal injuries as a result of falling on the "slip and dock" and hitting the Vessel, which was then located at Regatta Pointe Marina of Palmetto, Florida.

On April 24, 2019, the Court entered its Order approving Petitioners' Ad Interim Stipulation of Value and Directing Issuance of Monition and Injunction (Doc. 6). Among other things, the Court's Order required Petitioners to publish the Notice of Monition in the "*Bradenton Herald*" (as specified in Supplemental Rule F and Local Admiralty Rule 7.06) once a week for four successive weeks prior to the date fixed for the filing of claims, and to mail a copy of the Notice of Monition to every person or corporation known by the petitioners to have a claim against the Petitioners arising out of the October 28, 2018 incident, no later than the day of the second publication (Doc. 6). Additionally, the Court's Order required all potential claimants to file their respective claims with the Clerk of the Court and to serve Petitioners' attorney with a copy of their claims on or before June 7, 2019. [1]

On June 7, 2019, Petitioners filed an affidavit of proof of publication of the Notice of Motion in the "*Bradenton Herald*" (Doc. 9), and on June 13, 2019, Petitioners filed proof of mailing, via certified mail, of a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction to all known potential claimants to the Limitation proceeding (Doc. 9-1).

On June 14, 2019, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered a default against any potential claimants who failed to file a claim by June 7, 2019 (Doc. 11).

---

[1] The Court's Order also stayed all actions or proceedings against the Petitioners arising out of the incident set forth in the Complaint, until the Limitation Action was resolved.

On June 19, 2019, Petitioners filed their current Motion seeking an entry of final default judgment of exoneration from liability against all potential parties who did not timely file claims in this proceeding (Doc. 12).  Petitioners' Motion is ripe for consideration of the Court.

## DISCUSSION

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure set forth strict deadlines for providing notice to potential claimants and filing claims.  Pursuant to Supplemental Rule F(4):

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4).  Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided . . ."  Fed. R. Civ. P. Supp. F(5). "If a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer." *Id.*

In cases arising under these rules, a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period so long as the petitioner

has fulfilled "[its] obligation to publish notice of the limitation proceeding . . . the [n]otice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015) (citation omitted); *see also In the Matter of Reef Innovations, Inc.*, No. 11-cv-1703, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012) (noting that a party seeking a default judgment on a complaint for exoneration from or limitation of liability must first publish a notice of the action in a newspaper for four consecutive weeks).

Petitioners fulfilled their obligation to publish a notice of the limitation proceeding once per week for four consecutive weeks in the "*Bradenton Herald*," as required by Supplemental Rule F(4) (Doc. 9-1).  Further, Petitioners have fulfilled their obligations by mailing, via certified mail, a copy of their Complaint and the Court's Order Approving Ad Interim Stipulation, Notice of Monition, and Injunction, to all known potential claimants to this Limitation proceeding required by Supplemental Rule F and Local Admiralty Rules.

The Court's Order and Notice of Monition expressly and clearly stated that the deadline for filing a claim was June 7, 2019, and that a consequence of failing to file a timely claim was default (Docs. 6 & 7).  The deadline mandated by the Court for filing claims has expired.  To date, no party has filed claims in this action, and a Clerk's default has been entered "against all potential parties." (Doc. 11).  Under these circumstances, Petitioners have demonstrated that an entry of default judgment is warranted.

## CONCLUSION

The Court finds that the required notice has been given and the time for filing a claim or answer has expired.   Therefore, it is RECOMMENDED that Petitioners' Motion be GRANTED, and default judgment be entered against any and all potential claimants who have failed to respond to the Notice of Motion by filing a claim within the established notice period.

IT IS SO REPORTED in Tampa, Florida on July 31, 2019.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

cc:    Hon. James S. Moody

Counsel of Record